ROTHENBERG, C.J.
Kimberley Engstrom ("former wife") appeals from: (1) an order granting Kenneth Engstrom's ("former husband") motion for summary judgment on the former wife's "Corrected Supplemental Amended Rule 12.540 Petition for Relief From Judgment for Fraud on Financial Affidavit" and granting the former husband's motion for attorney's fees and costs; (2) an order denying *508 the former wife's motion for rehearing; and (3) a "Final Summary Judgment Denying Former Wife's Corrected Supplemental Amended Rule 12.540 Petition for Relief from Judgment for Fraud on Financial Affidavit and Motion for Attorney's Fees and Costs." Because the former wife's rule 12.540 petition sets forth a proper claim for relief from judgment based on a fraudulent affidavit submitted to the trial court in a marital case[1] and there were genuine issues of material fact as to whether the former husband's affidavit was in fact fraudulent and whether the former wife relied on the draft of the allegedly fraudulent affidavit when she entered into the marital settlement agreement, which was allegedly materially similar to the affidavit the husband executed and submitted to the trial court, we reverse the orders under review and remand for an evidentiary hearing on the former wife's rule 12.540 petition. See Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla. 2000) ("Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law.").
Reversed and remanded for an evidentiary hearing.

When the former wife filed her rule 12.540 petition, Florida Family Law Rule of Procedure 12.540 provided, in part, as follows: "Florida Rule of Civil Procedure 1.540 shall govern general provision concerning relief from judgment, decrees, or orders, except: ... there shall be no time limit for motions based on fraudulent financial affidavits in marital ... cases[.]" See In re Amendments to Fla. FamilyLaw Rules of Procedure, 214 So.3d 400 (Fla. 2017).